IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, d/b/a WEATHERTECH, an Illinois Corporation, <br><br>    Plaintiff, <br><br>    v. <br><br>ZHEJIANG ZHENYA AUTO ACCESSORY CO., LTD (d/b/a 3W ZHENYA AUTO ACCESSORY), a/k/a or f/k/a TAIZHOU HUANGYAN AUTO ACCESSORY CORP. LTD., a Chinese company; and 3W AUTO ACCESSORY INC., a New York corporation, <br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, MacNeil Automotive Products Limited, by its undersigned attorneys, for its Complaint against defendants Zhejiang Zhenya Auto Accessory Co., Ltd. (d/b/a 3W Zhenya Auto Accessory), a/k/a or f/k/a Taizhou Huangyan Auto Accessory Corp. Ltd., and 3W Auto Accessory Inc. (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Defendants for federal unfair competition, Illinois common law unfair competition, false advertising, patent infringement, the Illinois Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

## PARTIES

2. Plaintiff MacNeil Automotive Products Limited ("MacNeil") is a corporation organized under the laws of the State of Illinois with a principal place of business located in Bolingbrook, Illinois 60440. MacNeil is a manufacturer and supplier of automotive accessories

including, among other things, vehicle floor trays and mats and affixation devices for these products.

3. Upon information and belief, Zhejiang Zhenya Auto Accessory Co., Ltd. (d/b/a 3W Zhenya Auto Accessory), a/k/a or f/k/a Taizhou Huangyan Auto Accessory Corp. Ltd. ("Zhejiang"), is a Chinese company. Upon information and belief, this Defendant has placed into the stream of commerce infringing products and otherwise directed unlawful acts, including misrepresenting the origin of the source/character of its products and other acts of false and/or misleading advertising, including engaging in business in this judicial district via its distributor, 3W Auto Accessory products, including the accused marketing/packaging materials, and accused affixation devices (hereinafter the accused affixation devices shall be referred to as the "Infringing Products"). On information and belief, Zhejiang designs, develops, manufactures and exports products, including the Infringing Products, to its United States distributor 3W Auto Accessory, where they are then sold nationwide, including substantial sales into this judicial district.

4. Upon information and belief, Defendant 3W Auto Accessory Inc. ("3W") is a New York corporation, with a place of business located at 3401 Lawson Boulevard, Oceanside, New York, 11572 and/or 12 Clinton Lane, Jericho, NY 11753. Upon information and belief, this Defendant has placed into the stream of commerce infringing products and otherwise directed unlawful acts, including misrepresenting the origin of the source/character of its products and other acts of false and/or misleading advertising, including engaging in business in this judicial district, including the accused marketing/packaging materials, and the Infringing Products.

**JURISDICTION**

5.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because MacNeil's claims arise under the laws of the United States. This Court has supplemental jurisdiction over MacNeil's state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over 3W because, *inter alia*, it transacts business in this district by offering to sell and selling products, including Infringing Products, to Illinois customers and having conducted numerous sales to Illinois consumers of said products and Infringing Products. This Court has personal jurisdiction over Zhejiang because it, *inter alia,* through its established United States distributor 3W, has deliberately and intentionally caused products, including Infringing Products, to be placed into the stream of commerce via its established distribution channel, knowing that said products and Infringing Products would be offered for sale and were in fact sold in the United States and, specifically, this judicial district. On information and belief, these Defendants further have caused false and misleading express and/or implied statements as to the origin and source of their products throughout the United States and specifically with regard to Illinois consumers.

**FACTUAL BACKGROUND**

6.  MacNeil, d/b/a WeatherTech®, has expended many millions of dollars advertising its products, including but not limited to many SuperBowl commercials and advertising and supporting the Chicago Blackhawks. MacNeil is a Chicagoland based company, with facilities in Bolingbrook and Downers Grove, Illinois. A central theme of MacNeil's advertisements relates to its commitment to American made products, made by American workers, supporting the American economy.

7. Since 1989, MacNeil has been a distributor of vehicle floor mats throughout the United States. Since 2005, MacNeil has manufactured, distributed, advertised and sold to consumers throughout the United States its vehicle floor trays which are digitally measured for precise fit for certain makes and models of vehicles. MacNeil markets these products extensively under its mark WEATHERTECH®. MacNeil's floor trays were and are a revolutionary product in the vehicle floor tray industry. MacNeil's design and inventions with regard to said floor trays were so successful that MacNeil was able to obtain a significant market share in the floor tray product market very shortly after the product's introduction to the marketplace.

8. Recently, MacNeil became aware of Defendants' wrongful activities in seeking to falsely, misleadingly and deceptively trade off of an express or implied impression that its goods are in any way of USA origin.

9. Attached hereto as Exhibit 1, is an example of this false and misleading packaging, proudly displaying a large US flag and listing a New York address with regard to the Defendants' products.

10. Attached hereto as Exhibit 2, is another example of the Defendants' false and misleading packaging and representations, express and/or implied, as to the American nature of its products and processes, again with a large US flag present and directly underneath stating "Asembly (sic) in USA."

11. The Federal Trade Commission (the "FTC") has pursued complaints that relate to "Designed and Assembled in the USA" claims. For example, the FTC's complaint against Nectar Brand, LLC, et al., alleged that such a claim was false and misleading when said products were wholly imported from China. In the Consent Decree that followed, the FTC provided its

Case: 1:19-cv-02440 Document #: 1 Filed: 04/10/19 Page 5 of 15 PageID #:5

guidance as to what needed to be present for a company to advertise, market and/or claim that the products were "Assembled in the USA." The Consent Order provided, in relevant part: "For a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's prinicipal assembly takes place in the United States, and United States assembly operations are substantial." Exhibit 3 at I.B. The FTC has defined a "substantial transformation" as "a manufacturing or other process that results in a new and different article of commerce, having a new name, character and use that is different from that which existed prior to the processing." Federal Trade Commission, "Made in USA" and Other U.S. Origin Claims, 62 Fed. Reg. 63755, at 63757 n. 6 (Dec. 2, 1997).

12. On information and belief, no "assembly" whatsoever takes place in the United States, or at the very most it is a *de minimis* amount, and the products are simply imported into the United States directly from China at the direction of the distributor 3W. On information and belief, there is absolutely no origin related to the USA and the presence of the flag and the other allegations as related herein is an attempt to mislead and deceive United States' and Illinois' consumers. Indeed, on information and belief, it is believed that the very address stamp and language found in Exhibits 1 and 2 likely comes directly from Chinese sources, which would explain the misspellings/poor grammar of "Jericho" New York, as "Jerico" and "Assembled in USA" is stated in Exhibit 2 as "Asembly in USA."

13. Defendants are attempting to free ride on MacNeil's substantial investment in its long-running marketing campaign and its significant investment in American sourcing. Defendants further are attempting to mislead consumers as to the source, origin, quality and character of its products.

-5-

14. MacNeil is the exclusive licensee of United States Patent No. 9,199,567 ("the '567 Patent"), attached hereto as Exhibit 4, duly and legally issued on December 1, 2015.

15. As the exclusive licensee of all right, title and interest in the '567 Patent, MacNeil has standing to sue for infringement of the '567 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '567 Patent.

16. The '567 Patent concerns an affixation device with regard to said floor trays/mats.

17. An example of MacNeil's patented affixation device is attached hereto as Exhibit 5.

18. An example of the Defendants' accused affixation device is attached hereto as Exhibit 6.

19. On information and belief, all of Defendants' floor tray/mat products that are sold with affixation devices are sold with the Infringing Products and example of which is found in Exhibit 6.

## **COUNT I – ILLINOIS COMMON LAW – UNFAIR COMPETITION**

20. MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 19 as if fully set forth herein.

21. For many years, MacNeil has expended substantial sums of money creating, advertising, promoting, establishing and supporting its products with its customers and Illinois and American consumers in general. MacNeil, d/b/a WeatherTech®, has expended many millions of dollars advertising its products, including but not limited to many SuperBowl commercials and advertising and supporting the Chicago Blackhawks. MacNeil is a Chicagoland based company, with facilities in Bolingbrook and Downers Grove, Illinois. A

central theme of MacNeil's advertisements relates to its commitment to American made products, made by American workers, supporting the American economy.

22. As a result of MacNeil's substantial investment and hard work over the years, as well as MacNeil's commitment to quality, excellence and customer service, MacNeil has earned tremendous goodwill and a fine reputation with consumers and the trade.

23. As seen in Exhibits 1 and 2, Defendants' false and misleading packaging and representations, express and/or implied, as to the American nature of its products and processes, again with a large US flag present and, in Exhibit 2, directly underneath stating "Asembly (sic) in USA." Defendants' false and misleading packaging and representations, express and/or implied, as to the American nature of its products and processes, again with a large US flag present and directly underneath stating "Asembly (sic) in USA," are meant for the purposes of misleading and deceiving American and Illinois consumers as to the source, origin, nature and/or character of Defendants' products. In addition, 3W's website at www.3wliners.com provides no indication that the products it is selling are of foreign origin.

24. MacNeil has been, is, and will continue to be damaged by the Defendants' actions and MacNeil does not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

        1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2)  Unfairly competing with MacNeil; and

    3)  Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products and/or any other relation as to the USA origin or source of said products.

  B.  An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above subparagraph (A) of this prayer;

  C.  An award to MacNeil of all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants sales of its Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct, and the costs of this litigation; and

  D.  Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II – FEDERAL UNFAIR COMPETITION

25.  MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 25 as if fully set forth herein.

26.  Defendants have falsely, intentionally and willfully adopted and are using in interstate commerce in connection with the advertising, promotion, exportation and importation, and sale of the Infringing Products a misleading and false statement of the origin, nature, source and/or character of their Infringing Products.

27.  Defendants' unlawful adoption and use, in interstate commerce, of such a false designation of USA origin and/or point of assembly is likely to cause confusion, to cause mistake and/or to deceive.

28. Such conduct and misrepresentations constitute a false or misleading description or representation of Defendants' products in violation of 15 U.S.C. § 1125(a).

29. MacNeil has been, is, and will continue to be damaged by the Defendants' actions and MacNeil does not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

    1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2) Unfairly competing with MacNeil; and

    3) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products and/or any other relation as to the USA origin or source of said products.

B. An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above two subparagraphs (A and B) of this prayer.

C. An award to MacNeil of all profits received by Defendants from the sales and revenue of any kind made as a result of Defendants' sales of its accused products, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct and find that, due to the flagrant and deliberate character of such conduct and unfair competition, any such damages shall

be trebled, and the costs of this litigation and find this case to be an exceptional case and therefore grant MacNeil its attorneys' fees in pursuing this litigation; and

    D.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

30. MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 29 as if fully set forth herein.

31. Defendants have falsely, intentionally and willfully adopted and are using in interstate commerce in connection with the advertising, promotion, exportation and importation, and sale of the Infringing Products a misleading and false statement of the origin, nature, source and/or character of their Infringing Products. Defendants' unlawful adoption and use, in interstate commerce, of such a false designation of USA origin and/or point of assembly is likely to cause confusion, to cause mistake and/or to deceive.

32. The above-described knowing and willful conduct constitutes deceptive trade practices within the meaning of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

33. Defendants' unlawful adoption and use, in interstate commerce, of such misleading and false statement of the origin, nature, source and/or character of their Infringing Products is likely to cause confusion, to cause mistake and/or to deceive.

34. MacNeil has been, is, and will continue to be damaged by the Defendants' actions and MacNeil does not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A.  Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

    1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2) Unfairly competing with MacNeil; and

    3) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products and/or any other relation as to the USA origin or source of said products.

B.  An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above subparagraph (A) of this prayer;

C.  An award to MacNeil of all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants sales of its Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct, and the costs of this litigation and MacNeil's reasonable attorney fees; and

D.  Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 34 as if fully set forth herein.

36. In violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Defendants have engaged in at least the following unfair and/or deceptive acts or practices:

   a) By Defendants have falsely, intentionally and willfully adopted and are using in interstate commerce in connection with the advertising, promotion, exportation and importation, and sale of the Infringing Products a misleading and false statement of the origin, nature, source and/or character of their Infringing Products. Defendants' unlawful adoption and use, in interstate commerce, of such a false designation of USA origin and/or point of assembly is likely to cause confusion, to cause mistake and/or to deceive; and

   b) Other false statements and misrepresentations, concealments, suppressions or omissions according to proof.

37. Defendants intended for consumers to suffer confusion and to misrepresent the source/origins/character of its products.

38. Defendants' unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

39. Through their unfair and deceptive acts and practices, Defendants have harmed MacNeil and American and Illinois consumers of their products.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

   1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

   2) Unfairly competing with MacNeil; and

   3) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products and/or any other relation as to the USA origin or source of said products.

B.       An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above subparagraph (A) of this prayer;

C.       An award to MacNeil of all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants sales of its Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct, and the costs of this litigation;

D.       An award to MacNeil for its costs and attorneys' fees for this litigation; and

E.       Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT V – PATENT INFRINGEMENT OF U.S. PATENT NO. 9,199,567

40.     MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 39 as if fully set forth herein.

41.     Upon information and belief, without the consent of MacNeil, Defendants have made, used, offered for sale, sold and/or imported Infringing Products which directly and/or indirectly infringe at least one claim of the '567 Patent.

42.     Upon information and belief, without the consent of MacNeil, Defendants have committed acts that constitute inducement of infringement of at least one claim of the '567 Patent by others through their acts of making, importing, offering to sell and/or selling Infringing Products.

43.     As a direct and proximate result of Defendants' direct infringement and/or inducement to infringe the '567 Patent, MacNeil has suffered and will continue to suffer

irreparable injury and damages in an amount not yet determined for which MacNeil is entitled to relief.

44. Upon information and belief, Defendants' direct infringement, indirect infringement and/or inducement to infringe the '567 Patent has been and continues to be willful and deliberate.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter judgment that Defendants have directly infringed the '567 patent;

B. Enter judgment that Defendants have induced others to infringe the '567 patent;

C. Enter judgment that Defendants have willfully infringed the '567 patent;

D. Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants from any further sales of the Infringing Products and any other infringement of the '567 patent, whether direct or indirect;

F. Enter judgment ordering Defendants to compensate MacNeil for Defendants' infringement of the '567 patent pursuant to 35 U.S.C. § 284;

G. Enter a judgment ordering Defendants to pay enhanced damages pursuant to 35 U.S.C. § 284;

H. Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

  I. Enter a judgment for an award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

  J. Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

  K. Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY TRIAL DEMAND

MacNeil hereby demands a trial by jury on all issues so triable.

            Respectfully submitted,

            MACNEIL AUTOMOTIVE PRODUCTS LIMITED

Dated: April 10, 2019   By:  /s/ Robert S. Grabemann
            One of Its Attorneys

Robert S. Grabemann
*rgrabemann@daspinaument.com*
Timothy M. Schaum
*tschaum@daspinaument.com*
DASPIN & AUMENT, LLP
300 South Wacker Drive
Suite 2200
Chicago, Illinois 60606
(312)258-1600